UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, a Delaware Limited Liability Company formerly known as Century 21 Real Estate Corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>ALL PROFESSIONAL REALTY, INC., a California corporation doing business as CENTURY 21 ALL PROFESSIONAL; STEVEN M. WRIGHT, an individual; and CAROL WRIGHT, an individual,<br><br>      Defendants.<br>_____/ | NO. CIV. 2:10-2751<br><br><u>ORDER DENYING REQUEST FOR STAY OR MODIFICATION OF PRELIMINARY INJUNCTION PENDING APPEAL</u> |

----oo0oo----

       All Professional has filed Notices of Appeal of the court's Order granting Century 21's motion for a preliminary injunction in this action and denying All Professional's motion for a preliminary injunction in a related action (No. 10-2846), and asks this court for a stay or modification its Order pending

1

appeal.

When a party files a notice of appeal, "jurisdiction over the matters being appealed normally transfers from the district court to the appeals court." Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001).  Federal Rule of Civil Procedure 62(c) provides for an exception:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(c); cf. Fed. R. App. P. 8(a)(1) ("A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal; . . . or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.").  A court must consider

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Golden Gate Restaurant Ass'n v. City & Cnty. of S.F., 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)) (internal quotation marks omitted).

With respect to the merits, some courts have noted that the consideration of this factor "cannot be rigidly applied," Or. Natural Res. Council v. Marsh, Civ. No. 85-6433, 1986 WL 13440, at *1 (D. Or. April 3, 1986), because "the district court would have to conclude that it was probably incorrect in its determination on the merits." Himebaugh v. Smith, 476 F. Supp.

502, 510 (C.D. Cal. 1978).  The court is persuaded by this reasoning, and accordingly does not rigidly apply this factor.

All Professional incorrectly describes the preliminary injunction as based "on an apparent <u>assumption</u> that Century 21 <u>fully performed</u>."  (Mem. of P. & A. in Supp. of Req. for Stay of Enforcement of Injunction by Defs. All Professional; Steve Wright; & Carol Wright 13:1-2 (Docket No. 30-2).)  The merits of trademark infringement claims in the franchise context are based in part on whether the franchisor properly terminated the franchise agreements.  <u>See</u> <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1308 (11th Cir. 1998); <u>S & R Corp. v. Jiffy Lube Int'l, Inc.</u>, 968 F.2d 371, 375 (3d Cir. 1992); <u>see also</u> <u>Re/Max N. Cent., Inc. v. Cook</u>, 272 F.3d 424, 430 (7th Cir. 2001).  The validity of a franchisor's termination depends on whether the franchisee breached the franchise agreement, and a franchisor's breach does not excuse a franchisee's breach.  <u>See</u> <u>Jay Bharat Developers, Inc. v. Minidis</u>, 167 Cal. App. 4th 437, 443 (2d Dist. 2008) ("Under basic contract principles, when one party to a contract feels that the other contracting party has breached its agreement, the non-breaching party may either stop performance and assume the contract is avoided or continue its performance and sue for damages.  Under no circumstances may the non-breaching party stop performance and continue to take advantage of the contract's benefits.") (internal quotation marks omitted).

All Professional does not dispute that it ceased paying many of its franchise fees in May of 2009 and that it had failed to pay them following the notices in April of 2010.  As both

3

Wrights testified, they failed to pay the franchise fees because they could not afford them. Other excuses, proffered by counsel in argument, simply were not borne out by the testimony. Thus, it appears that the terminations were proper. See <u>Petro Franchise Sys., LLC v. All Am. Props., Inc.</u>, 607 F. Supp. 2d 781, 790 (W.D. Tex. 2009) ("This Court is not aware of a single case where, as here, a franchisee was terminated for non-payment of fees as plainly set forth in a franchise agreement, did not contest its non-payment, and nevertheless established improper termination."). The validity of the terminations is not affected by the discussions about a possible payment plan to cure the defaults. Century 21 entered into discussions with All Professional only as a courtesy to All Professional, but no agreement was reached.[1]

All Professional also argues that the preliminary injunction alters the status quo. When a franchise agreement has

---

[1] In its memorandum in support of the instant request, All Professional describes what occurred, emphasizing "promise" and referring to "a lump sum payment":

> Steve Wright asked Century 21 Field Rep Bob Popp for help. Mr. Popp <u>promised</u> he would intercede and secure an acceptable payment plan. In reasonable reliance on Mr. Popp's representation, All Professional continued its business operations and did not tender a lump sum payment, reasonably expecting that they would receive a payment plan.

(Mem. of P. & A. in Supp. of Req. for Stay of Enforcement of Injunction by Defs. All Professional; Steve Wright; & Carol Wright 4:20-24 (Docket No. 30-2).) The memorandum later states that Bob Popp told the Wrights that "he would take care of the apparent impasse in finalizing a payment plan" and that Bob Popp's "assurances induced All Professional and Wright [sic] to wait for a revised payment plan." (<u>Id.</u> at 17:5-8.) This description of what occurred is not supported by the Wrights' testimony or affidavits.

4

1 been properly terminated, a preliminary injunction against the
2 use of the franchisor's trademarks does not alter the status quo.
3 See Best W. Int'l, Inc. v. Patel, 523 F. Supp. 2d 979, 982 (D.
4 Ariz. 2007) ("[T]he Ninth Circuit held that the status quo which
5 was to be preserved by the issuance of a preliminary injunction
6 'existed before [the defendant] began using its allegedly
7 infringing logo.' Likewise, in the present case, the status quo
8 which [the hotel franchisor] is seeking to preserve is the state
9 of affairs before [the hotel franchisee] began her alleged
10 improper use of [the franchisor's] marks." (quoting GoTo.Com,
11 Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000))
12 (internal citation omitted) (second alteration in original); see
13 also Petro Franchise Sys., 607 F. Supp. 2d at 798 ("If the
14 Agreements were not properly terminated, the parties' positions
15 are preserved by continuing the franchise relationship. If the
16 Agreements were properly terminated, the parties' positions are
17 preserved by ensuring that the franchise relationship is fully
18 discontinued.").

19  With respect to "(2) whether the applicant will be
20 irreparably injured absent a stay" and "(3) whether issuance of
21 the stay will substantially injure the other parties interested
22 in the proceeding," Golden Gate Restaurant Ass'n, 512 F.3d at
23 1115 (quoting Hilton, 481 U.S. at 776), as this court has already
24 noted, Century 21 will be irreparably harmed if the court stays
25 the preliminary injunction against All Professional's further
26 unauthorized use of Century 21's trademarks, and All Professional
27 will be irreparably harmed if the preliminary injunction is not
28 stayed. The court extensively addressed the irreparable harm to

both sides in the January 24, 2011, Order.  (See Order at 25:8-29:5.)  In this court's view, these factors weigh evenly in favor of and against a stay.

The public interest, however, weighs heavily against a stay of the preliminary injunction in this case.  As the court explained in the Order (id. at 29:10-19), the public interest in the trademark context is the right of the public not to be deceived or confused.  See Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc., 559 F.3d 985, 993-94 (9th Cir. 2009); see e.g., CytoSport, Inc. v. Vital Pharma., Inc., 617 F. Supp. 2d 1051, 1081 (E.D. Cal. 2009); Moroccanoil, Inc. v. Moroccan Gold, LLC, 590 F. Supp. 2d 1271, 1282 (C.D. Cal. 2008).  To stay the preliminary injunction would allow All Professional to continue to falsely represent to the public, including its current clients, that it is a Century 21 franchisee in the good graces of Century 21 and with access to all of the tools, systems, and resources, as discussed in the testimony, which are at the disposal of a Century 21 franchisee.

IT IS THEREFORE ORDERED that All Professional and the Wrights' request for a stay or modification of the preliminary injunction pending appeal be, and the same hereby is, DENIED.

DATED:  February 22, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE