LISA K. GARNER (SBN: 155554)
AARON P. RUDIN (SBN: 223004)
GORDON & REES LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
E-mail: lgarner@gordonrees.com;
arudin@gordonrees.com
Attorneys for Plaintiff
CENTURY 21 REAL ESTATE LLC

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, a Delaware Limited Liability Company formerly known as Century 21 Real Estate Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALL PROFESSIONAL REALTY, INC., a California corporation doing business as CENTURY 21 ALL PROFESSIONAL; STEVEN M. WRIGHT, an individual; and CAROL WRIGHT, an individual,<br><br>Defendants. | CASE NO. 2:10-CV-02751-WBS-GGH<br><br>**[PROPOSED] PROTECTIVE ORDER** |

Having considered the Stipulation For Protective Order submitted by the parties concurrently herewith, and finding good cause appearing for the same, the Court hereby issues the following Protective Order:

1. For the purposes of this Protective Order, "Confidential Information" means any information which is designated as "Confidential" by the parties, whether it be a document, pleading, motion, exhibit, declaration, affidavit, or all other tangible items (electronic media, photographs, videocassettes, etc.), information contained in a document, information contained

in a response to an Interrogatory, information revealed during a deposition or information otherwise disclosed during discovery. Confidential Information" includes proprietary business and financial information including, but not limited to, corporate financial statements, custom account status reports, account balance summaries, payment information, bank statements, promissory notes, information and related documents of privately owned entities and/or individuals, as well as trade secret information pertaining to the operation of a real estate brokerage office including, but not limited to, policies and procedure manuals and marketing information and training materials. The dissemination of such financial and trade secret information to non-parties outside the scope of this litigation could irreparably damage the parties herein. The entry of a protective order, in addition to the confidentiality agreement between the parties, will ensure that such information will remain protected from improper disclosure, and that any improper disclosure can be quickly remedied by the Court.

2. The parties shall designate such information as "Confidential" only upon the good faith belief that the information is at least arguably subject to protection. In addition, if a disclosing party or nonparty witness believes in good faith that certain sensitive confidential information may warrant further additional protection, the disclosing party or non-party witness may designate such information as "Confidential - Attorney's Eyes Only," hereinafter "Restricted Information." If any material has multiple pages, this designation need only be placed on the first page of such material. "Confidential Information" and "Restricted Information" shall, without the necessity of further designation, remain confidential and shall not be disclosed in any fashion, nor be used for any purpose other than the preparation for and trial of this action as provided for herein.

3. "Qualified Person" shall mean and refer to (i) the parties to this action including employees; (ii) counsel for the parties to this litigation, including office associates, paralegals, and clerical employees; and (iii) witnesses, experts, consultants and other persons consulted or retained in connection with this litigation and who have agreed to be bound by the terms of this Protective Order. "Qualified Person" shall also include the Court, representatives and employees of the Court, and the jury on such terms as the Court in its discretion may deem appropriate.

*Gordon & Rees LLP*
*633 West Fifth Street, Suite 5200*
*Los Angeles, CA 90071*

4. Prior to being permitted access to "Confidential Information" subject to this Protective Order a "Qualified Person" shall sign a Certification in the form attached hereto as Exhibit "A" stating that he/she has read and understands the terms of this Protective Order and that he/she will abide by them. The original of each such Certification shall be retained by Counsel of record for the party permitting the disclosure until the litigation is completed.

5. "Confidential Information" shall be retained by counsel and shall not be disclosed or made available to any person except a "Qualified Person." Said "Confidential Information" shall not be used by any "Qualified Person," except solely for the purposes of litigation in this action and shall not be used for any other purposes whatsoever. The substance or content of "Confidential Information" as well as copies, summaries, notes and memoranda relating thereto, shall not be disclosed to anyone other than a "Qualified Person." If "Confidential Information" or summaries thereof have been entered into a computerized database, only "Qualified Persons" shall have access to the database.

6. Any document designated as "Restricted Information" and stamped "Confidential - Attorney's Eyes Only" shall be used only in connection with the prosecution or defense of this litigation and may only be disclosed to counsel, including in house counsel, for the parties.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Information, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are "Qualified Persons". Deposition testimony may be designated as "Confidential Information" following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential Information" pursuant to paragraph 2 above. When Confidential Information is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Protective Order.

-3-
[PROPOSED] PROTECTIVE ORDER

8. If a deponent refuses to execute a Certification in the form attached hereto as Exhibit "A", disclosure of Confidential Information during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. Any material designated "Confidential" or "Confidential - Attorney's Eyes Only", if filed with the Court, shall be filed under seal pursuant to Eastern District of California - Local Rule 141. Information shall only be permitted to be filed under seal upon a particularized showing of good cause, or if the information sought to be protected is to be used in dispositive matters, a showing of compelling reasons.

10. If a non-designating party is subpoenaed or ordered to produce Confidential Information by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Information until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Information.

11. Each "Qualified Person" agrees to submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or person affected by this Protective Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order.

12. This Protective Order initially protects from disclosure all documents that the producing party designates in good faith as "Confidential" or "Confidential - Attorney's Eyes Only." Upon delivery of any document or other information so designated, another party may, within ninety (90) days of delivery of the document or other information, send a letter to the producing party challenging any such designations by indicating by Bates number range(s) or other sufficient identifying information precisely which document(s) the challenging party asserts are not in fact "Confidential." The parties shall confer in a good faith attempt to

internally resolve the dispute. If such attempt is unsuccessful, the challenging party shall, by informal letter to the Court, if permitted, move for an Order regarding any designation(s) in question enclosing, where appropriate, the documents challenged for *in camera* review. The documents challenged hereunder retain their status as "Confidential Information" hereunder unless and until the Court orders that they be released from such status.

13. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Protective Order.

14. This Protective Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15. When any counsel of record in this lawsuit, any attorney, or party, who has executed a Certification in the form attached hereto as Exhibit "A" becomes aware of any violation of this Protective Order, or of facts constituting good cause to believe that a violation of this Protective Order may have occurred, such attorney shall report that there may have been a violation of this Protective Order to the Court and all counsel of record.

16. Upon the final conclusion (including any appeals) of this action, all parties and "Qualified Persons" and their counsel shall, within ninety (90) days of the conclusion of this action either (i) return all "Confidential Information" and "Restricted Information" (and all copies thereof) to the producing party (shipping costs to be borne by the producing party), or (ii) provide a certification that all "Confidential Information" and "Restricted Information" (and all copies thereof) produced by the producing party have been fully destroyed along with the date of destruction.

**IT IS SO ORDERED.**

**To the extent that paragraph 16 purports to apply to the court, it is inoperative.**

*/////*

*/////*

-5-
[PROPOSED] PROTECTIVE ORDER

DATED: August 24, 2011

/s/ Gregory G. Hollows

———————————————
U.S. Magistrate Judge Gregory G. Hollows

# EXHIBIT "A"

I, _____, do hereby agree to the following:

1. I have received the attached copy of the Protective Order in this case.

2. I have carefully read and I understand the provisions of the attached copy of the Protective Order.

3. I acknowledge that I am being given access in this lawsuit to information designated by one or another of the parties as "Confidential" and/or "Confidential - Attorney's Eyes Only," information under the terms of the Protective Order, and I agree to be bound by, and comply with, all of the provisions of the Protective Order.

4. I further submit myself to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing, modifying or seeking other relief under the Protective Order.

5. During the pendency and after final termination of this case, I will hold in confidence and not use or disclose "Confidential" and/or "Confidential - Attorney's Eyes Only," information to anyone not qualified to have access under paragraph 3 of the Protective Order.

6. As soon as practicable, but no later than twenty (20) days after final termination of this case, I will destroy or return to the legal counsel from whom I received the information, all documents and things containing "Confidential" and/or "Confidential - Attorney's Eyes Only," information, including, without limitation, all copies, excerpts, summaries, notes, digests,

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  abstracts and indices thereto, which have come into my possession, custody or control and all
2  documents and things which I have prepared relating thereto.

4  Date: _____, 2011

   _____
   Signature

   _____
   Title or Position

   _____
   Printed Name

   _____
   Address

   _____
   City, State, Zip Code

   _____
   Telephone Number

**Gordon & Rees LLP**
**633 West Fifth Street, Suite 5200**
**Los Angeles, CA  90071**

-8-
[PROPOSED] PROTECTIVE ORDER