IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CENTURY 21 REAL ESTATE, LLC,

     Plaintiff,

vs.

ALL PROFESSIONAL REALTY, INC., et al.,

     Defendants.

2:10-cv-2751 WBS GGH
Consolidated with Case Nos.
2:10-cv-2846 WBS GGH and
2:11-cv-2497 WBS GGH

ORDER

Previously pending on this court's law and motion calendar for May 31, 2012, was defendants' motion to compel further deposition of Century 21 Real Estate LLC, and for sanctions. After order granting defendants' request for order shortening time and directing the submission of a joint statement, the parties filed their statement on May 29, 2012. Virginia Cale appeared at hearing on behalf of defendants. Aaron Rudin represented plaintiff. After hearing oral argument and reviewing the joint statement, the court now issues the following order.

BACKGROUND

Plaintiff Century 21 Real Estate LLC ("Century 21") brought this action against defendants (franchisees of Century 21 or principals thereof) All Professional Realty, Inc., Century 21 All Professional, Steven Wright, and Carol Wright ("All Professional") on October

1

12, 2010, alleging that All Professional continued to use Century 21's trademarks after a franchise agreement was properly terminated by Century 21 due to All Professional's failure to make certain required payments.  Century 21's claims are for Federal, State and Common Law Trademark Infringement; Federal and State Unfair Competition; breach of contract; breach of guaranty; breach of promissory note; account stated; quantum merit; and for an accounting.

In a separate complaint now consolidated with this action, All Professional claims that Century 21 breached the franchise agreements in various ways, including failing to enforce the Policies and Procedures Manual on other franchisees, by permitting other franchisees to recruit All Professional's productive agents, failing to provide promised tools and systems, permitting former All Professional Hawaii broker John Sherman to go to another Century 21 franchise to directly compete with All Professional Hawaii, and allowing another Century 21 franchisee, Century 21 Select, into All Professional's territory in Folsom.  This complaint contains claims for violation of a termination provision of the California Franchise Relations Act, Cal. Bus. & Prof. Code § 20020, violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, intentional interference with business advantage, breach of contract, breach of implied covenant of good faith and fair dealing, fraud, negligent interference with business advantage, and interference with contract.[1]

The termination of the contract between the parties took place in 2010.  Judge Shubb found in his preliminary injunction order that it appeared as though Century 21 properly terminated the agreement with All Professional for not making payments under the terms of the franchise agreements, and he granted a preliminary injunction to prevent All Professional from using Century 21's trademarks.  He denied All Professional's motion for preliminary injunction

---

[1] There is a third action, also now consolidated with this action, that Century 21 originally filed in New Jersey, against the Wrights, John Sherman and All Professional Hawaii Realty, Inc., which contains similar claims to the instant action.  The parties stipulated to moving all cases to the Eastern District.

seeking to restore All Professional's benefits under the franchise agreements.[2]  (Dkt. no. 28.)

DISCUSSION

The instant dispute concerns All Professional's notice of Rule 30(b)(6) deposition of plaintiff Century 21 with production of documents, scheduled for May 14, 2012 in New Jersey.  Century 21 responded with objections, but agreed to produce a person with knowledge subject to objections in regard to some of the categories.  Century 21 produced Jacqueline Bertet at the deposition and she was deposed on some matters.  Ms. Bertet has been employed by Realogy (an entity encompassed within, or above, Century 21) for twelve years and is responsible for overseeing the collection of fees from Realogy's franchisees, including Century 21.  Century 21 also designated Robert Popp to testify and he was to be deposed on May 17, 2012 in California concerning Century 21's investigation of complaints by Steve Wright about recruiting and dilution of the trademark.  That deposition is not at issue here.

The matters in dispute which are addressed by the joint statement are numbers 3, 5, 9, 10, and 12.

I. Rule 30(b)(6) Deposition

All Professional asserts that Ms. Bertet was improperly instructed not to answer certain questions, and she was not properly prepared for her deposition.  Ms. Bertet did not recall pertinent information, and All Professional contends that other employees had more knowledge on certain issues but Century 21 did not produce them.  All Professional complains that Ms. Bertet was only knowledgeable about Realogy's general collection policies and practices regarding payment plans, but otherwise lacked personal knowledge on most of the designated matters.  In response, Century 21 argues that a corporate designee need not have personal

---

[2] Century 21 asserts that the preliminary injunction in this case serves to limit All Professional's legal theories; however, All Professional correctly argues that a preliminary injunction does not prevent the parties from litigating the merits of the case.  Unlike a motion to dismiss order or summary judgment order, the district court's preliminary ruling does not determine the claims in a case; as long as a claim remains in a case it is subject to discovery.

3

knowledge.

The court has reviewed the rough transcript included in the joint statement, and explained at hearing that All Professional's counsel did not lay a proper foundation for the court to ascertain whether the designated Rule 30(b)(6) witness had not properly prepared.

Rule 30(b)(6) provides in part:

> **Notice or Subpoena Directed to an Organization.** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).  This rule is "is intended to streamline the discovery process." McKesson Corp. v. Islamic Republic of Iran, 185 F.R.D. 70, 79 (D.D.C.1999). "By commissioning the designee as the voice of the corporation, the Rule obligates a corporate party 'to prepare its designee to be able to give binding answers' in its behalf.'" Rainey v. Am. Forest & Paper Ass'n, Inc., 26 F.Supp.2d 82, 94 (D.D.C.1998) (citation omitted). "Rule 30(b)(6) imposes a duty on the entity receiving the Rule 30(b)(6) notice to identify and provide responsive witnesses with knowledge concerning the relevant subject matter." McKesson, 185 F.R.D. at 79. A person most knowledgeable need not be produced, but only a person "with knowledge whose testimony will be binding on the party." Rodriguez v. Pataki, 293 F.Supp.2d 305, 311 (S.D.N.Y. 2003).[3]  If the deponent designated by the entity is not knowledgeable about relevant facts, and no other knowledgeable witness has been identified, then the appearance of the deponent has the

---

[3] The correct terminology under the federal rules is a Rule 30(b)(6) witness, a deponent who will testify about "information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).  The terminology used in the California analog to Rule 30(b)(6), the "person most knowledgeable" or PMK, does not translate identically with the federal rule.  While a Rule 30(b)(6) deponent must be a person with "knowledge," either personal or acquired, there is no requirement that the person designated be "most knowledgeable."

4

effect of being no appearance at all.  Resolution Trust Corp. v. Southern Union Co., Inc., 985 F.2d 196, 197 (5th Cir.1993).

If one believes that the Rule 30(b)(6) witness has not properly investigated or prepared to give testimony, it is incumbent upon the protesting party to have laid a proper foundation at deposition so that the court can make a determination about the extent of preparation.  As explained at hearing, the rough transcript of Ms. Bertet's deposition is lacking a proper foundation.  Although the transcript submitted is not complete, it appears that All Professional's counsel merely asked the witness one time what documents (in general) she had reviewed.  The response was interrupted by deposition dynamics, and counsel never returned to this important foundation.  A proper inquiry would have tested the witness' preparation, both in terms of documents reviewed and persons interviewed, category by category.  Since this foundation was not laid, it is not possible for the court to determine whether the witness adequately prepared for the deposition.[4]

Moreover, All Professional's counsel appears to have forgotten that a Rule 30(b)(6) deposition was being taken as opposed to an individual's deposition.  The questions as phrased for the most part, called for a response based on the witness' personal knowledge, and not the corporation's knowledge.  For example, counsel asked, "[d]o you remember, as it relates to All Professional, whether you ever received a request to write off any portion of the debt claimed?" (Uncertified Trans. at 29, Defs.' Ex. H; dkt. no. 74-7 at 9.)  The second example, as read in court, was counsel's question, "Okay.  And do you have any recollection of having any discussions with anyone first within your department as to whether or not to send out intent to terminate letters to Mr. and Mrs. Wright and the All Professional franchises?"  (Id. at 33; dkt. no. 74-7 at 10.)  These examples point out that counsel asked the witness for her personal knowledge, not the entity's knowledge.  Thus, when Ms. Bertet responded that she did not

---

[4] Century 21's counsel indicated at hearing that he prepared a four inch thick binder for the witness to review prior to her deposition.

5

remember, she appropriately did so.  Counsel did not ask follow up questions, according to the rough transcript.

Therefore, based on counsel's failure to lay a proper foundation for a Rule 30(b)(6), as well as the framing of the deposition questions, the Court cannot find that the witness was unprepared.  No further deposition will be ordered for the Rule 30(b)(6) categories for which the witness was designated.

II. <u>Century 21's Objections to Certain Designated Categories for 30(b)(6) Deposition</u>

Ms. Bertet was not designated a witness for all requested categories of information on account of Century 21's counsel's belief that certain designations were inappropriate, and thus Century 21's counsel did not permit questioning in the areas to which objection was made.  All Professional contends that the disputed categories, 3, 5, 9, 10, and 12, are relevant and reasonably particular to permit designation of a proper witness.  The disputed categories are described here.

<u>Matter No. 3</u> - "Termination of any and all other C-21 franchise in 2010."

<u>Matter No. 5</u> - "Century 21 Real Estate, LLC's [enforcement][5] of and all policies and procedures relating to ethics issues for franchisees in effect from 2005 through 2010."

<u>Matter No. 9</u> - "Franchises who were in arrears on fees owed to Century 21 Real Estate, LLC in 2008-2010."

<u>Matter No. 10</u> - "The policies and practices of Century 21 Real Estate, LLC regarding negotiating payment plans with franchisees who defaulted on payment of royalties or other fees owed under the franchise agreements."

<u>Matter No. 12</u> - "C-21's approval of C-21 Select to operate a franchise in the Folsom, California area."

\\\\\

---

[5] All Professional stated that its use of the term, "reinforcement" instead of enforcement was a typo in the notice.

6

Matters numbered 3, 5, 9, and 10 all request information concerning Century 21 franchises not involved in this litigation. All Professional contends that this information is relevant to show Century 21's practices and policies regarding negotiating payment plans, its enforcement of these policies, and Century 21's treatment of other franchises.

Policies and practices, and whether they were enforced or not, are not relevant to these actions which at their core concern an alleged breach of contract between a parent company and its franchisee. While satellite tort claims circle about the core, they all relate to the actions taken by the company and franchisee. All Professional argues without authority that the other claims, such as breach of implied covenant of good faith and fair dealing, involve Century 21's policies and practices outside the contract terms, especially if its course of conduct deviated from the contract terms. Ms. Bertet already testified about Century 21's policies. How Century 21 specifically dealt with other franchises in the past is not relevant to whether it acted in good faith and dealt fairly toward All Professional *under the contract at issue here*. At the very least, the burden of exploring all of the myriad relationships between Century 21 and every franchisee with which it had difficulties, far outweighs any probative information pertinent to this action.[6] What is relevant in this case is Century 21's actions with respect to All Professional. This is not a class action. Any pattern or practice by Century 21 is not an element of the breach of contract or any similar claims in this case unless it can rise to the level of being an implied term of the written contract not precluded by an integration clause. All Professional produced no indicia from the Bertet deposition, or otherwise, which would suggest that such terms were so incorporated.

\\\\\

\\\\\

\\\\\

---

[6] For example, treatment of another franchisee for lack of timely franchise payments would be dependent on the amount in arrears, the attitude of the franchisees, the course of dealings between the parties, including the duration of contractual relationships and the like.

7

All Professional also claims that Century 21 waived the contract terms or is estopped[7] from enforcing them by virtue of its pattern and course of dealing with other franchises in negotiating payment plans. Such theories require only a showing of Century 21's actions toward All professional. Its actions involving other franchises are irrelevant to these affirmative defenses.[8]

Unlike the other categories, matter number 12 directly concerns the facts of this case. All Professional claims that Century 21 encouraged another franchise, Century 21 Select, to move into All Professional's territory to compete and take away All Professional's business, hence precipitating the events which devolved into All Professionals inability to perform under the contract *at issue*. Such discovery may be relevant to All Professional's claims that it does not owe lost profits for the Folsom office, that Century 21 violated the contract term providing for no other franchises in a specified territory, and that Century 21 allowed and/or promoted the recruiting of productive agents away from All Professional by Century 21 Select such that Century 21 was purposefully undermining the contract at issue making compliance unlawfully difficult. Therefore, further discovery on this category will be permitted. Century 21 shall designate a Rule 30(b)(6) witness for this category, and the deposition shall take place prior to discovery cutoff in this case.

III. Sanctions

All Professional seeks sanctions for Century 21's failure to produce a

---

[7] All Professional's Answer makes the affirmative defenses of estoppel and waiver, based on Century 21's "acts, failures to act, conduct, representations and admissions." (Dkt. no. 17 at 3.)

[8] Assume Century 21 was lax in upholding contractual obligations in another case. All Professional does not submit authority, either based on California law or whatever law governs this franchise agreement, that such actions in another case at another time precludes enforcement of the contract at issue here. Century 21 correctly cites to Original Great American etc v. River Valley Cookies, 970 F.2d 273, 279 (7th Cir. 1992) for the general proposition that other activity amongst other parties is not relevant. If All Professional believed that failure to enforce a contract against another inures to its benefit here, it was incumbent upon counsel to cite that authority. The undersigned is not tasked with doing this basic research.

knowledgeable person on the aforementioned matters.  For reasons explained herein, Century 21's actions were for the most part substantially justified.  Therefore, sanctions will be denied.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendants' motion to compel deposition, filed May 29, 2012, is denied in part and granted in part as set forth herein.

2. Plaintiff shall designate a Rule 30(b)(6) witness in regard to Matter Number 12 and the parties shall agree to a deposition date, which deposition shall take place within fourteen days of this order.

3. Defendants' request for sanctions is denied.

Dated: June 6, 2012

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Century21.2751.dep.wpd