IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CENTURY 21 REAL ESTATE, LLC,

        Plaintiff,

  vs.

ALL PROFESSIONAL REALTY, INC., et al.,

        Defendants.

_____ /

2:10-cv-2751 WBS GGH
Consolidated with Case Nos.
2:10-cv-2846 WBS GGH and
2:11-cv-2497 WBS GGH

ORDER

        Previously pending on this court's law and motion calendar for June 7, 2012, were Century 21 Real Estate LLC's ("Century 21") motion to quash subpoena served on Century 21 Select, filed May 24, 2012, (dkt. no. 71), and All Professional's application for order to show cause re: contempt, filed May 31, 2012 (dkt. no. 79).[1] The parties have now filed their joint statements. Virginia Cale appeared on behalf of defendants. Aaron Rudin represented plaintiff.

\\\\\

---

[1] Century 21's motion originally noticed the hearing for June 14, 2012, four days before the discovery cutoff. By order in court at the May 31, 2012 hearing, the parties were permitted to file a joint statement prior to a hearing date advanced to June 7, 2012. By minute order, the parties were directed to also file a joint statement in regard to All Professional's application for order to show cause. (Dkt. no. 81.)

1

After hearing oral argument and reviewing the joint statement, the court now issues the following order.

BACKGROUND

Plaintiff Century 21 Real Estate LLC ("Century 21") brought this action against defendants All Professional Realty, Inc., Century 21 All Professional, Steven Wright, and Carol Wright ("All Professional") on October 12, 2010, alleging that All Professional continued to use Century 21's trademarks after a franchise agreement was properly terminated by Century 21 due to All Professional's failure to make certain required payments. Century 21's claims are for Federal, State and Common Law Trademark Infringement; Federal and State Unfair Competition; breach of contract; breach of guaranty; breach of promissory note; account stated; quantum merit; and for an accounting.

In a separate complaint now consolidated with this action, All Professional claims that Century 21 breached the franchise agreements in various ways, including failing to enforce the Policies and Procedures Manual on other franchisees by permitting other franchisees to recruit All Professional's productive agents, failing to provide promised tools and systems, permitting former All Professional Hawaii broker John Sherman to go to another Century 21 franchise to directly compete with All Professional Hawaii, and allowing another Century 21 franchisee, Century 21 Select, into All Professional's territory in Folsom. This complaint contains claims for violation of a termination provision of the California Franchise Relations Act, Cal. Bus. & Prof. Code § 20020, violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, intentional interference with business advantage, breach of contract, breach of implied covenant of good faith and fair dealing, fraud, negligent interference with business advantage, and interference with contract.[2]

---

[2] There is a third action, also now consolidated with this action, that Century 21 originally filed in New Jersey, against the Wrights, John Sherman and All Professional Hawaii Realty, Inc., which contains similar claims to the instant action. The parties stipulated to moving

The termination of the contract between the parties took place in 2010.  Judge Shubb found in his preliminary injunction order that it appeared as though Century 21 properly terminated the agreement with All Professional for not making payments under the terms of the franchise agreements, and he granted a preliminary injunction to prevent All Professional from using Century 21's trademarks.  He denied All Professional's motion for preliminary injunction seeking to restore All Professional's benefits under the franchise agreements.[3]  (Dkt. no. 28.)

DISCUSSION

I.  Century 21's Motion to Quash Subpoena Directed at Century 21 Select

This motion concerns All Professional's subpoena served on Century 21 Select ("Select") on May 15, 2012, seeking information pertaining to ten real estate agents who All Professional claims were lured away by Select.  The subpoena seeks production of documents only, "reflecting any commission split agreements between Century 21 Select and real estate agent [named] from [various dates in 2007 and 2008 depending on the agent] to the present." (Joint Stmt., filed June 4, 2012, Ex. 1.)  After meet and confer sessions, All Professional agreed to extend the May 31, 2012 compliance date to a date following the hearing on this motion.

This motion is brought by Century 21 only.  While Century 21 does not having standing to object on the basis of undue burden imposed on a third party *per se*, it may object if it has "a personal right or privilege with regard to the documents sought," Fenstermacher v. Moreno, 2010 WL 5071042, *3 (E.D. Cal. 2010), "or if its own interest is jeopardized by discovery sought from a third person." Koh v. S.C. Johnson & Son, Inc., 2011 WL 940227, *2 (N.D. Cal. 2011) (quoting  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure Civil 3d § 2035).  If discovery sought were truly irrelevant,

---

all cases to the Eastern District.

[3]  Century 21 asserts that the preliminary injunction in this case serves to limit All Professional's legal theories; however, All Professional correctly argues that a preliminary injunction does not prevent the parties from litigating the merits of the case.  Unlike a summary judgment order, the district court's ruling does not determine the limitations of the case.

1  Century 21 would have standing to object to discovery subpoenaed from a third party because it
2  might wind up paying for litigation expenses and time expended by its counsel if the discovery
3  were to be disputed.
4        Neither Select nor its agents have participated in this motion.  Therefore, privacy
5  issues or claims that the subpoena requests confidential business or financial information of
6  Select or its individual agents will not be considered here.  Century 21 may raise relevance or
7  other personal right or privilege only.
8        Century 21 claims that this information is not relevant to Century 21's franchise
9  agreements with All Professional, and that it has standing to protect its franchisees from
10 harassment.  Century 21 further argues that All Professional is improperly attempting to obtain
11 this information for use in another unrelated action against Select and others.
12       The court agrees with All Professional's argument that the subpoena is relevant to
13 its claims that Century 21 actively encouraged other franchisees to improperly recruit All
14 Professional's agents in order to compete against All Professional (and thereby violate express or
15 implied terms of the All Professional franchise agreement).  All Professional points out that
16 Select's principal, Dan Jacuzzi, offered to buy All Professional's Folsom office for years but the
17 Wrights declined.  All Professional claims that its agents told Steve Wright that Select offered
18 some of these agents a far better commission split than they were receiving at All Professional,
19 that the agents would be able to keep 90% of the commission – an unusual situation.  A "90-10"
20 split compared to a traditional "60-40" split may certainly create an implication that the purpose
21 was to entice agents to Select through better financial terms.  All Professional also points out an
22 internal note, dated April 18, 2008, in which Century 21's business consultant, Tara Scholl, stated
23 that Steve Wright was copying her on emails between himself and Dan Jacuzzi which reflected
24 that Jacuzzi was proactively recruiting Wright's agents.  According to All Professional,
25 compliance with the Policies and Procedures Manual was a material term of the franchise
26 agreements, and Century 21's failure to enforce the anti-recruiting policy would show that

Century 21 breached the implied covenant of good faith and fair dealing. All Professional claims that when it complained to Century 21 about Select's actions, Century 21 represented that there was nothing it could do about the situation. These facts indicate that the subpoena calls for potentially relevant discovery. If all of the above were true, an inference could be drawn that Century 21was in league with Century 21 Select in seeking to unduly terminate All Professional's franchise. [4]

Therefore, Century 21's motion to quash is denied.

II. All Professional's Application for Order to Show Cause

   A. Background to the Application

In this application, filed May 31, 2012, All Professional seeks an order to show cause why Select should not be held in contempt for its failure to comply with a subpoena served April 19, 2012[5], requiring production of documents by May 15, 2012. The subpoena requested six categories of documents as follows:

   1. All communications between Century 21 Select and Century 21 Real Estate, LLC regarding Century 21 All Professional.

   2. All communications between Century 21 Select and Century 21 Real Estate, LLC regarding Steve Wright and/or Carol Wright.

   3. All communications between Century 21 Select and Century 21 Real Estate, LLC regarding the recruiting of agents or staff by Century 21 Select from Century 21 All Professional.

   4. All communications between Century 21 Select and any real estate agents or staff at Century 21 All Professional while such

---

[4] Whether that inference may actually and reasonably be drawn at time of merits adjudication is a matter on which the undersigned expresses no opinion.

[5] The subpoena also was served by hand on Select on April 30, 2012.

agents or staff were still working for Century 21 All Professional.

        5. All communications between Century 21 Select and Century 21 Real Estate, LLC regarding opening an office at 2505 E. Bidwell Street, #100, Folsom, California.

        6. All documents which refer or relate to the efforts of Century 21 Select to recruit agents and/or staff from Century 21 All Professional.

(Joint Stmt., Ex. A.)

From May 2, 2012 through May 16, 2012, the subpoena service, Casey Corporation, was in communication with Marie Featherston at Select, who conveyed that she was searching for responsive records. After the date for production passed with no production, it was not until May 22, 2012 that Ms. Featherston informed Casey Corporation that she would send a Certification of No Records. Select counsel, Debra Samuels, claims that she did not become aware of the subpoena until May 21, 2012, after the May 15th deadline. On May 23rd, Ms. Featherston informed Casey Corporation for the first time that Select would not be responding to the subpoena. On May 24, 2012, All Professional's counsel called Ms. Samuels and demanded immediate production. On May 29, 2012, Ms. Cale again asked Ms. Samuels for immediate production of the records by May 30, 2012. On May 30, 2012, Select served written objections based on overbreadth and irrelevance. All Professional filed the instant motion on May 31, 2012.

The joint statement is signed by counsel for All Professional, Century 21, and Select.

  B. <u>Waiver</u>

All Professional argues that Select did not object to the subpoena by May 14, 2012, fourteen days after hand service of the subpoena, Fed. R. Civ. P. 45(c)(2)(B), and Century 21 did not file a motion to quash or for protective order, Fed. R. Civ. P. 45(c)(3), by the date the documents were to be produced. Therefore, any objections have been waived.

\\\\\

Select and Century 21 argue that a non-party's failure to object should be excused for good cause where there are unusual circumstances, including where:

> (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena. Id. (citations omitted).

American Elec. power Co., Inc. v. U.S., 191 F.R.D. 132, 136-37 (S.D. Ohio 1999).

The subpoena is not overbroad on its face and appears to seek fair discovery. Based on Select's counsel's representation that she was not aware of the subpoena served on Select until May 21, 2012, after the deadline for production, and that she eventually served objections on May 30, 2012, the argument can be made that Select was acting in good faith. The most decisive factor here is that Select's employee was in regular contact with the subpoena service regarding production, and that as soon as counsel for Select became involved, contact was continued by counsel.

Based on these facts, the undersigned finds that Select's objections have not been waived.

C. Merits

All Professional argues that the requested documents are relevant as they relate to All Professional's claims that Century 21 allowed and aided in improper recruiting of agents by Select, that Century 21 shared confidential information about All Professional with Select, that Century 21 allowed Select to move into All Professional's territory, that Century 21 made a concerted effort to run All Professional out of business in favor of Select, and that Select has been operating in the Folsom area during part of the time for which Century 21 is seeking lost profit damages from All Professional. All Professional states that Sandra Persky's[6] deposition revealed that Century 21 did contact Select about recruiting agents. To resolve the overbreadth

---

[6] Ms. Persky is a former employee of Century 21.

7

issue, All Professional has agreed to limit the subpoenas to the period from 2005 to the present for categories 1 and 2 only, and to 2007 to present for category number 4.

Select argues that the requests are overbroad because they seek information regarding other franchises, unrelated to these claims. Select also argues that the subpoena is not reasonably tailored as to time frame and therefore a burden to Select. Select has provided no declaration on burden.

Based on the facts of the complaint, all categories in the subpoena are relevant or may lead to the discovery of admissible evidence. It is difficult to conceive of reasons why Century 21 and Select would be communicating about All Professional, All Professional's agents, or Steven and Carol Wright, other than regarding matters concerning All Professional's business, and Select's interest in that business. At the very least, a sinister inference could be drawn from the present facts which may or may not be fleshed out with discovery.[7] All categories are narrowly focused on communications involving these parties.

In regard to time frame, Century 21 indicated at hearing that the number of responsive documents anticipated would be less than one inch thick. Based on that representation, and All Professional's representation that it started noticing the results of Select's actions in 2008, along with the fact that there may have been communications prior to the time All Professional became aware of the actions resulting from those communications, as well as sequellae following All Professional's abandonment of its franchise in Folsom in 2009, the time frame will be narrowed to January 1, 2007 through May 15, 2012. All responsive documents shall be produced by June 14, 2012.

\\\\\
\\\\\
\\\\\

---

[7] Whether that inference may actually and reasonably be drawn at time of merits adjudication is a matter on which the undersigned expresses no opinion.

8

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Century 21's motion to quash subpoena served on Century 21 Select, filed May 24, 2012, (dkt. no. 71), is denied. Century 21 Select shall produce all documents responsive to the subpoena by June 14, 2012.

2. All Professional's application for order to show cause re contempt, filed May 31, 2012, (dkt. no. 79), is granted in part. Century 21 Select shall produce all documents responsive to the subpoena, as limited by this order, by June 14, 2012.

Dated: June 8, 2012

     /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Century21.2751.qua.wpd