UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, a Delaware Limited Liability Company formerly known as Century 21 Real Estate Corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>ALL PROFESSIONAL REALTY, INC., a California corporation doing business as CENTURY 21 ALL PROFESSIONAL; STEVEN M. WRIGHT, an individual; and CAROL WRIGHT, an individual,<br><br>      Defendants.<br>_____/ | NOS. CIV. 2:10-2751 WBS GGH<br>           2:10-2846 WBS GGH<br>           2:11-2497 WBS GGH<br>           CONSOLIDATED<br><br><u>ORDER RE: MOTION TO STAY PENDING APPEAL</u> |

----oo0oo----

Defendants Steven and Carol Wright ("the Wrights"), now proceeding <u>pro se</u>, move for a stay pending appeal of this court's August 8, 2012 Order granting summary adjudication in favor of plaintiff Century 21 Real Estate LLC ("Century 21") on its breach of contract and trademark claims against the Wrights and All

1

1 Professional Realty ("All Professional"). The judgment from
2 which they appeal includes an injunction and an award of monetary
3 damages which, with attorney's fees, totals over one million
4 dollars plus interest. (Docket Nos. 118, 131.)

5      With regard to the judgment for monetary damages, with
6 a few specified exceptions not applicable here, Federal Rule of
7 Civil Procedure 62(a) provides for an automatic stay of fourteen
8 days following entry of a judgment. Fed. R. Civ. P. 62(a). A
9 party appealing a district court's entry of a monetary judgment
10 is entitled to a further stay as a matter of right if he posts a
11 bond in accordance with Federal Rule of Civil Procedure 62(d),
12 Antoninetti v. Chipotle Mexican Grill, Inc., Civ. No. 05-1660,
13 2009 WL 1390811, at *2 (S.D. Cal. May 15, 2009) (citing Am. Mfrs.
14 Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct.
15 1, 3 (1966)), or he may move for a stay of execution without a
16 bond, Fed. R. App. P. 8(a)-(b).

17      While parties have the right to a stay obtained through
18 a supersedeas bond, an unsecured stay is reserved for "unusual
19 circumstances" and awarded at the court's discretion. Fed.
20 Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760-
21 61 (D.C. Cir. 1980). "Courts addressing a motion for an
22 unsecured stay under Rule 62(d) have expressed a willingness to
23 grant such requests when: (1) 'defendant's ability to pay is so
24 plain that the cost of the bond would be a waste of money' or (2)
25 'the requirement would put the defendant's other creditors in
26 undue jeopardy' (in other words, the requirement is impracticable
27 because it would, for example, force appellant into bankruptcy or
28 paralyze the business)." Bolt, 2005 WL 2298423 at *3 (citing

cases) (Shubb, J.).  Under either approach, the burden is on the appellant to demonstrate the reasons for "depart[ing] from the usual requirement of a full security supersedeas bond."  <u>Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.</u>, 600 F.2d 1189, 1190 (5th Cir. 1979); <u>C.B. v. Sonora Sch. Dist.</u>, 819 F. Supp. 2d 1032, 1054 (E.D. Cal. 2011).[1]

Here, the Wrights have not shown that they have posted a bond to secure the judgment against them.  Their ability to pay is not plain in the least, and they do not present evidence that obtaining a bond would bankrupt them.  Thus, they have not met their burden to demonstrate valid reason for departing from the requirement of a full supersedeas bond.  Furthermore, the Wrights have not put forth an alternative to the bond.  <u>See</u> <u>Bolt v. Merrimack Pharm., Inc.</u>, Civ. No. 04-0893 WBS DAD, 2005 WL 2298423, at *4 (E.D. Cal. Sept. 20, 2005) ("[B]ecause defendant bears the burden of formulating an alternative plan, the court will not imagine one of its own.").

The Wrights may seek the court's approval of a bond in the full amount of the Judgment.  However, since the facts presented to the court do not indicate that the Wrights have posted a supersedeas bond or qualify for an exception to the bond

---

[1] Even if an appellant persuades the court that a full bond is unnecessary, the court typically requires a substitute form of judgment guarantee.  <u>See</u> <u>Olympia Equip. Leasing Co. v. W. Union Tel. Co.</u>, 786 F.2d 794, 796 (7th Cir. 1986) (noting that both defendants with a clear ability to pay and those who would be bankrupted by a bond requirement are "candidate[s] for alternative security"); <u>SIBIA Neurosciences, Inc., v. Cadus Pharm. Corp.</u>, Civ. No. 96-1231 IEG POR, 1999 WL 33554683, at *4 (S.D. Cal. Mar. 10, 1999) (conditionally granting use of an escrow account in place of a bond).

1  requirement, the Wrights have not satisfied the requirements for
2  a stay under Rule 62(d).
3       With regard to the injunction, Federal Rule of Civil
4  Procedure 62(c) provides that "[w]hile an appeal is pending from
5  an interlocutory order or final judgment that grants, dissolves,
6  or denies an injunction, the court may suspend, modify, restore,
7  or grant an injunction on terms for bond or other terms that
8  secure the opposing party's rights."  Fed. R. Civ. P. 62(c).
9       Under Rule 62(c), a court must consider: (1) whether
10 the stay applicant has made a strong showing that he is likely to
11 succeed on the merits; (2) whether the applicant will be
12 irreparably injured absent a stay; (3) whether issuance of the
13 stay will substantially injure the other parties interested in
14 the proceeding; and (4) where the public interest lies.  Golden
15 Gate Rest. Ass'n v. City & Cnty. of S.F., 512 F.3d 1112, 1115
16 (9th Cir. 2008) (quoting Hilton v. Braunskill, 481 U.S. at 776)
17 (internal quotation marks omitted).
18       The court has previously addressed these factors in
19 denying the plaintiffs' request to stay or modify the preliminary
20 injunction pending appeal.  (Docket No. 41).  For the same
21 reasons here, the Wrights provide only a minimal probability of
22 success on their pending appeal; Century 21 will be irreparably
23 harmed if the court stays the injunction against the Wright's
24 unauthorized use of the trademark; and the public interest weighs
25 heavily against granting a stay because the public interest in
26 the trademark context is the right of the public not to be
27 deceived or confused.  See Internet Specialties W., Inc. v.
28 Milon-DiGiorgio Enters., Inc., 559 F.3d 985, 993-94 (9th Cir.

2009). Thus, since the balance of the <u>Hilton</u> factors weighs against a stay, the court will deny the Wright's motion for a stay of the injunctive award against them.

Accordingly, because the Wrights fail to satisfy the requirements for a stay under either Federal Rule of Civil Procedure 62(d) or (c), the court will deny the Wrights' motion for a stay pending appeal.

IT IS THEREFORE ORDERED, that Steven and Carol Wright's motion to stay pending appeal be, and the same hereby is, DENIED.[2]

DATED: November 15, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] The Wrights' Motion to Extend Time to File Amended Motion to Stay Pending Appeal, filed November 14, 2012 (Docket No. 140) is denied.