```
 1                     UNITED STATES DISTRICT COURT

 2                    EASTERN DISTRICT OF CALIFORNIA

 3                              --oOo--

 4
    CENTURY 21 REAL ESTATE LLC,     ) Case No. 2:10-cv-02751-WBS-GGH
 5                                  )
                  Plaintiff,        ) Sacramento, California
 6                                  ) Thursday, March 14, 2013
         vs.                        ) 10:09 A.M.
 7                                  )
    ALL PROFESSIONAL REALTY, INC.,  ) Hearing re: plaintiff's notice
 8  et al.,                         ) of hearing on claim
                                    ) exemption.
 9                Defendants.       )
    _____)
10
                       TRANSCRIPT OF PROCEEDINGS
11              BEFORE THE HONORABLE GREGORY G. HOLLOWS
                   UNITED STATES MAGISTRATE JUDGE
12
    APPEARANCES:
13
    For Plaintiff:              AARON P. RUDIN
14                              Gordon & Rees LLP
                                633 West Fifth Street, 52nd Flr.
15                              Los Angeles, CA   90071
                                (213) 576-5000-5085
16
    For Defendant:              STEVEN M. WRIGHT, Pro Se
17                              All Professional Realty, Inc.
                                1520 River Park Drive
18                              Sacramento, CA   95815

19  Court Recorder:             (UNMONITORED)
                                U.S. District Court
20                              501 I Street, Suite 4-200
                                Sacramento, CA   95814
21                              (916) 930-4072

22  Transcription Service:      Petrilla Reporting &
                                   Transcription
23                              5002 - 61st Street
                                Sacramento, CA   95820
24                              (916) 455-3887

25
    Proceedings recorded by electronic sound recording;
    transcript produced by transcription service.
```

1

```
 1    SACRAMENTO, CALIFORNIA, THURSDAY, MARCH 14, 2013, 10:09 A.M.
 2
 3         THE CLERK:  Case No. 10-civil-2751-WBS-GGH, Century
 4    21 Real Estate v. All Professional Realty, Inc., Steven Wright,
 5    Carol Wright.
 6         MR. RUDIN:  Good morning, Your Honor.  Aaron Rudin on
 7    behalf of the judgment creditor Century 21 Real Estate, LLC.
 8         THE COURT:  And good morning to you.
 9         MR. WRIGHT:  And my name is Steve Wright.  I am with
10    All Professional Realty.
11         THE COURT:  Good morning.  And your name, ma'am.
12         MS. WRIGHT:  I am Tammy Wright.  I am the spouse of
13    Steven.
14         THE COURT:  All right.  You are the new spouse, as I
15    understand, correct?
16         MS. WRIGHT:  Yes.
17         MR. WRIGHT:  We've been together a long time, but
18    yes, she's not Carol.
19         THE COURT:  All right.  She's not Carol, but she has
20    no right, title or interest in the account we're talking about,
21    is that correct?
22         MR. WRIGHT:  Correct.
23         MS. WRIGHT:  No, I'm only here because I've been
24    helping them try to put some of this stuff together.  I am not
25    an attorney, I'm an engineer.
```

2

1        THE COURT:  All right.  Just go ahead and have a
2   seat.  You can't represent him --
3        MS. WRIGHT:  No, no, I understand.
4        THE COURT:  But I'll allow you to sit there.
5        MR. WRIGHT:  No, we're aware.  Thank you.
6        THE COURT:  All right.  We have the most tenacious
7   Century 21 lawyer here going after these accounts.  Let me ask
8   you this, Mr. Wright, why don't I have a cover sheet, or a bank
9   statement saying something to the effect of Steven Wright in
10  trust for so and so realty associates?  Something that would
11  really make your case.
12       MR. WRIGHT:  The account wasn't set up as a trust,
13  but it was functioning as a trust for us under the strict
14  definition of a trust by both DRE and probably the State of
15  California.  It's not a trust, but that's the way it was
16  functioning.  We were putting their money into that account for
17  distribution to them once their files were completed.
18       THE COURT:  Well, what else were you mixing within
19  that account?
20       MR. WRIGHT:  Nothing.  That's why the other account
21  that they got, we're not even arguing about, that's where our
22  money went.  They got two accounts on that day, one with agent
23  money, and one with the office money after bills were paid.
24       THE COURT:  All right.  And looking to Century 21, I
25  know you've been handicapped by the filing of a 59-page

1  declaration yesterday, not so much the declaration, but the
2  exhibits to it.  What evidence do you have to counter the
3  declaration and what seemingly indicates that there are a lot
4  of real estate associates associated with this bank account you
5  want to attach?
6          MR. RUDIN:  I don't know that the evidence really
7  establishes that these agents are actually associated with this
8  bank account.  As the Court pointed out, there is no bank
9  account documents at all before the Court right now, but I
10 think it even goes back a little further.  We've already heard
11 that this account wasn't established as a trust account, but I
12 think what hasn't really been stated yet is that it really
13 couldn't be a trust account in any event because the entity
14 here, All Professional Realty, Inc., which these agents
15 purportedly, you know, they're the agents for, and is receiving
16 the money so that it can hold it in sort of trust, and then
17 distributes them.
18         Well, All Professional Realty, Inc., this isn't their
19 account.  This is an account that's in the name of Mr. Wright.
20 So I don't know how this could even conceivably be used as a
21 trust account.
22         I mean, at some point, these funds have somehow been
23 converted once they've been deposited into an individual
24 account in my -- in my view, I think that when you're dealing
25 with trust funds, you set up a trust account, and maybe there's

1  an issue over a name, I mean, I can certainly understand that
2  since it's All Professional's account and they're saying,
3  sorry, we didn't label it as a trust account, but it's still
4  All Professional Realty, Inc.'s account, and it's only being
5  used for those purposes.  I could understand that argument.
6           But I cannot understand an argument where it is not
7  All Professional Realty's account, it's an account, and it's a
8  personal account essentially here, for Mr. Wright, and we're
9  not seeing any evidence of what's in this account.  All we have
10 is a declaration and some exhibits attached to it that in my
11 mind don't even add up.  I mean I tried to do the math on some
12 of the numbers, and I couldn't even add up the figures that are
13 being provided.
14          So I don't think there's any evidence before this
15 Court right now that one, it's a trust account.  I think, in
16 fact, the evidence is that it's not.  And two, that any of the
17 funds in it are trust funds.
18          THE COURT:  Your response, Mr. Wright?
19          MR. WRIGHT:  Since California holds me as an
20 individual, the broker of record responsible regardless of the
21 corporate status, I have an agent does something wrong, I'm
22 personally liable as the broker of record.  So we use accounts
23 pretty much both ways.  It isn't anything that's cast in stone.
24          That money was not personal money.  It was not a
25 personal account.  It was for the agents who were pending their

1  file completion and usually it happens within a week or so of
2  closing, so it's not like that money sits there very long.  It
3  moves in and out pretty quickly.
4              THE COURT:  Back to Century 21, when Judge Shubb
5  issued an order on a similar type motion, was the evidence any
6  better?
7              MR. RUDIN:  Oh, the evidence was much different.  We
8  had an initial hearing where there was no evidence, but they
9  came back, and although I didn't see it, it was -- we were
10 given a redacted version.  It was essentially all the bank
11 records reflecting the deposits.  What had been deposited into
12 the account and showing that those deposits had all come from
13 trust sources.  So there was no commingling.  There was nothing
14 in this account that wasn't in trust.
15             So the Court was satisfied with all the
16 documentation, all these bank records, which I couldn't -- I
17 just accepted what the Court had reviewed, and then we actually
18 called to the stand Tammy Wright who had bank records as well,
19 and she was able to say, okay, I can explain these records to
20 you, this is from a trust source.
21             That type of evidence in the Court's mind clearly
22 established that maybe that particular account, which was an
23 All Professional Realty account, not an account in any -- not
24 in Mr. Wright's individual name, but that particular account,
25 even though it wasn't designated as a trust account, only had

6

1  trust funds in it, and the Court was satisfied with the
2  documentation provided.
3          There is nothing even remotely similar before this
4  Court.  I mean --
5          THE COURT:  Well, whose name was the bank account in
6  the order before Judge Shubb?
7          MR. RUDIN:  All Professional Realty, Inc. and I
8  believe it actually had some -- there was some reference to
9  Century 21 trust, or something to that effect in the name.
10         THE COURT:  All right.  Why not a name like that, Mr.
11 Wright, for this account?
12         MR. WRIGHT:  The account was barely set up when they
13 grabbed it.  We hadn't even had a chance to get things
14 distributed out the way we would normally operate.  When they
15 raided the bank that we'd been with for 20 year -- raided,
16 that's my word, not appropriate, but that's the way it feels --
17 the account -- the bank we'd been with for 20 years, we'd just
18 moved to a bank and just tried to keep things operating.
19         Ultimately, it could have.  The account that he's
20 talking about had been in place for 20 years.  It probably took
21 us three weeks solid to gather all that information.  We tried
22 to give an overview in these exhibits of the agents involved,
23 the transactions involved and the amounts that they were due.
24 Obviously, not 100 percent of what we collected is their money,
25 and that's not what we're arguing about.  It's only their

1 money.
2       THE COURT:  Right.  I'll go back and re-review it and
3 see if there's enough.  I know you have your declaration, and
4 you say it under penalty of perjury, and there's no opposing
5 declaration, or opposing evidence.  There's no evidence that a
6 certain sum is, you know, comes from oh, Las Vegas casino
7 winnings, for example.  I don't see anything like that.
8       And so I'll take another look at it.  I've heard what
9 you've said.
10       MR. WRIGHT:  We can provide bank records that we have
11 if that would help.  We don't have a lot, because the account's
12 only a couple of months old at that point.
13       THE COURT:  Well, what would these bank records show
14 me?
15       MR. WRIGHT:  Just deposits in that match what we're
16 talking about, and probably checks out.
17       THE COURT:  Why don't you submit those within five
18 days of today's date.
19       MR. WRIGHT:  Okay.
20       THE COURT:  And is it time for Century 21 to re-read
21 "Merchant of Venice" here?  I mean, let's have a talk with your
22 client.  We're spending a lot time for not too much.
23       MR. RUDIN:  I will discuss it with my client, Your
24 Honor, yes.
25       THE COURT:  All right.  Thanks very much.

8

1   MR. WRIGHT: Thank you, Your Honor.
2   THE COURT: All right.
3   MR. RUDIN: Thank you.
4   THE COURT: And we're in recess.
5   (Whereupon the hearing in the above-entitled matter was
6   adjourned at 10:18 a.m.)
7                              --o0o--
8                            CERTIFICATE
9       I certify that the foregoing is a correct transcript from
10  the electronic sound recording of the proceedings in the above-
11  entitled matter.
12
13  _____        March 29, 2013
14  Patricia A. Petrilla, Transcriber
15  AAERT CERT*D-113