1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8   CENTURY 21 REAL ESTATE, LLC,

9                 Plaintiff,              2:10-cv-2751 WBS GGH
          vs.                            Consolidated with Case Nos.
10                                        2:10-cv-2846 WBS GGH and
                                         2:11-cv-2497 WBS GGH
11

12  ALL PROFESSIONAL REALTY, INC.,
    et al.,
                 Defendants.             FINDINGS AND RECOMMENDATIONS
13  _____/

14            Previously pending on this court's law and motion calendar for March 14, 2013,

15  was a hearing on defendants' claim of exemption, filed January 15, 2013.[1]  Plaintiff has filed an

16  opposition.  Defendant Steve Wright appeared in pro se.[2]  Aaron Rudin appeared for plaintiff.

17  Having heard oral argument and reviewed the parties' filings, including further filings by both

18  parties as ordered at hearing, the court now issues the following findings and recommendations.

19  BACKGROUND

20            On August 17, 2012, the court entered monetary judgment against All

21  Professional Realty, Inc. ("All Professional"), All Professional Hawaii Realty, Inc., Steven

22  /////

23  /////

24  _____

25       [1]  This matter was noticed for hearing on January 25, 2013, (doc. no. 164), and assigned
    to the magistrate judge by minute order on February 4, 2013.  (Doc. no. 171.)

26       [2]  Defendant Carol Wright made no appearance.

                                         1

Wright, and Carol Wright in the amount of $856,478.47, with interest until paid in full.[3]  (Doc. No. 118.)  On August 10, 2012, the court entered judgment for plaintiff's attorney fees and costs in the amount of $292,561.31, with interest until paid in full.  (Doc. No. 131.)  Plaintiff is currently attempting to enforce and collect on the judgments against all defendants.

According to Century 21, it issued a Notice of Levy under Writ of Execution (Money Judgment) to Central Valley Community Bank[4] ("Community Bank") in relation to judgment debtors Steven Wright and Carol Wright.  (Opp., Doc. No. 176-1.)  All accounts held in the names of these judgment debtors were to be levied.  (Id.)  Thereafter, on January 10, 2013, Steven Wright submitted a Claim of Exemption for the account, claiming that the account contains "[e]scrow commission funds held in trust pending payment to Independent Real Estate Agents."  (Doc. no. 149[5] at 16-17; Pl.'s Opp., doc. no. 176-1 at 4.)  Unlike the claim of exemption presented to the district judge in regard to American River Bank when defendants were represented by counsel, defendants did not file points and authorities or a declaration or other evidence supporting the instant claim, until three days before the hearing when Steven Wright filed a declaration.  Nor, for that matter, did Century 21 submit documentation supporting its recitation of the aforementioned facts.  Therefore, in order to determine the nature of the bank account at issue and whether it was a properly created trust fund account, as well as to verify

---

[3]  Although a notice of appeal has been filed in this case, (Docket No. 123), "[t]here are a number of exceptions to the general rule that a district court loses jurisdiction upon the filing of a notice of appeal." Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997).  The relevant exception here is that a district court may retain jurisdiction "in aid of execution of a judgment that has not been superseded." Id.  The court's judgment in this case has not been superseded by any ruling from the Ninth Circuit and it therefore retains jurisdiction to decide the motions before it regarding execution of that judgment.

[4]  Defendants' motion to quash or uphold claim of exemption in regard to plaintiff's notice of levy under writ of execution issued to American River Bank was heard and granted by the district judge on February 4, 2013.  (Doc. no. 172.)

[5]  The filings within this docket number pertained to defendants' amended motion for temporary restraining order in regard to assets held by American River Bank, which matter was previously addressed by the district judge.  The claim of exemption in regard to Central Valley Community Bank was filed as an exhibit to that motion.

1  whether the current amounts in the account were trust funds or other funds, at the hearing the

2  undersigned directed Mr. Wright to submit bank records.

3          The court is now in receipt of a plethora of filings, all filed after the hearing,

4  including two more declarations by Steven Wright, response and objections by Century 21, and a

5  request for judicial notice filed by Steven and Carol Wright.  Mr. Wright's declaration, filed

6  March 11, 2013, claims an exemption under California Financial Code section 17410, and asserts

7  that the account at Community Bank[6] is a trust account containing deposits from commissions

8  earned upon the close of real estate transactions.  (S. Wright Dec., doc. no. 184 at 2:24-27.)  To

9  support his claim, Steven Wright declares that he is the managing broker for All Professional

10 Realty, Inc. and that he is required by law to accept these payments on behalf of real estate

11 associates in connection with California Business and Professions Code 10137.  (Id. at 2-3.)

12 After escrow has closed, the commission is disbursed from this fund to the agent.  (Id. at 3-4.)

13 Century 21 argues that based on the conclusory claim of exemption and the lack of

14 documentation supporting the claim that the funds in the account are trust funds, the claim fails

15 as a matter of law.

16          The court must determine whether to grant defendants' claim of exemption.

17 DISCUSSION

18          Judgment creditors who have obtained a writ of execution from a federal court

19 may use state law procedures to collect debts.  Fed. R. Civ. Proc. 69(a).[7]  Thus, this court follows

20 California judgment enforcement law, except to the extent a federal statute applies or

21 enforcement is stayed under Fed. R. Civ. Proc. 62.

22

23          [6] The Wright declaration states that the exemption is sought only for the trust account,
   and not for a separate operating account at the same bank.

24

25          [7] Rule 69 provides: "The procedure on execution . . . in proceedings on and in aid of
   execution shall be in accordance with the practice and procedure of the state in which the district
   court is held, existing at the time the remedy is sought, except that any statute of the United
26 States governs to the extent that it is applicable."  Fed. R. Civ. Proc. 69(a).

California Code of Civil Procedure section 695.030 provides that property of the judgment debtor that is not assignable or transferable is not subject to enforcement of a money judgment. Cal. Code Civ. Pro. § 695.030(b)(1). If such property is levied upon, the property may be released pursuant to the claim of exemption procedure. Id. § 695.040. Moreover, California Financial Code section 17410(a) provides that "trust funds are not subject to enforcement of a money judgment arising out of any claim against the licensee or person acting as escrow agent." Cal. Fin. Code § 17410(a).

"The claim of exemption is deemed controverted by the notice of opposition to the claim of exemption and both shall be received in evidence." Cal. Code Civ. Pro. § 703.580(c). At a hearing to determine whether the claim of exemption should be granted, the court may make its determination on these documents and any other evidence offered, but if not satisfied with the evidence offered, "shall order the hearing continued for the production of other evidence, oral or documentary." Id. § 703.580(c). The exemption claimant has the burden of proof to show entitlement to relief. Id. § 703.580(c).

The crux of the issue before the court is whether the account is a trust account, or some other form of account, containing funds that are not assignable or transferable by the Wrights or All Professional. Section 10145 of the California Business and Professions Code provides in relevant part that "[a] real estate broker who accepts funds belonging to others . . . shall deposit all those funds that are not immediately placed into a neutral escrow depository or into the hands of the broker's principal, into a trust fund account maintained by the broker in a bank or recognized depository in this state." Cal. Bus. & Prof. Code  § 10145(a)(1). Compliance with this provision requires that the broker:

> [P]lace funds accepted on behalf of another into the hands of the owner of the funds, into a neutral escrow depository or into a trust fund account in the name of the broker, or in a fictitious name if the broker is the holder of a license bearing such fictitious name, as trustee at a bank or other financial institution not later than three business days following receipt of the funds by the broker or by the broker's salesperson.

4

1  Cal. Code. Reg., Title 10, Ch. 6, § 2832(a).

2      The name of the Central Valley Community Bank account at issue here is titled,

3  "Steve M. Wright, Carol Wright." (Doc. no. 186 at 5.)  It does not appear to be in compliance

4  with the California Regulation because although it is in Steve Wright's name as broker, it is not a

5  trust fund account.  Furthermore, the account is also in Carol Wright's name, and she is not a

6  broker.

7      Nonetheless, Steve Wright's declaration describes the account at Central Valley

8  Community Bank as "escrow commission funds held in trust pending payment to Independent

9  Real Estate Agents" and states that it: "is used as an Escrow trust funds account and had

10  []$49,702.40 for the following RE Agent Commission $s already paid to agents..."  Mr. Wright

11  then lists the twelve checks accompanied by the agent's name, amount, and property description.

12  (Doc. no. 149 at 16-17.)  The declaration adds that this account is within the category described

13  by Cal. Fin. Code § 17410, which states that escrow or trust funds are not subject to enforcement

14  of a money judgment arising out of a claim against a licensee or escrow agent and is not to be

15  treated as an asset of such licensee or agent.  (Id.)

16      The declaration submitted by Mr. Wright three days before the hearing states that

17  the Community Bank account at issue is a trust account which holds commissions earned which

18  are to be held until escrow closes.  At that point, Mr. Wright states that his company would issue

19  a commission check to the sales agent. (Doc. no. 184.)  The documents attached to this

20  declaration include a list of dates, property names, check numbers and amounts, and agents'

21  names; title company final statements on various properties; commission statements; and

22  independent contractor agreements, none of which describe the bank account at issue.  (Id., Exs.

23  1-3.)

24      Mr. Wright filed another declaration on March 19, 2013, in response to the court's

25  directive at the hearing to produce bank records. (Doc. no. 186.)  Attached to this declaration is

26  one bank statement from Community Bank, dated January 15, 2013, listing Steve Wright and

5

1    Carol Wright as the account holders.  This statement does not characterize what type of account

2    it is.  (Id. at 5-6.)  The declaration states that "[u]nfortunately we closed the account when it was

3    levied, so we no longer have online access to view and print cleared checks."  (Id. at 2, ¶ 2.)  To

4    aid in explaining the deposits to this account, attached to the declaration is a document entitled

5    "HUD Statements, Summary of Deposits from Escrow Closings," accompanied by final

6    settlements statements on various properties, (id. at 8-27); a summary of check numbers,

7    amounts and to whom the checks were written, (id. at 30); commission statements, (Id. at 28, 31-

8    38); and a letter from Community Bank to Steven Wright and Carol Wright, dated January 9,

9    2013, reflecting the account numbers and the amount of $49,923.09 from the account at issue

10   here, which was applied to the Levy, (id. at 40).  The bank statement shows numerous deposits

11   and checks written on the account, but does not identify the source of the deposits or the payees

12   of any of the checks.  (Id. at 5.)

13          In response to this declaration, plaintiff claims that not only did Mr. Wright

14   concede at hearing that this Community Bank account was not established as a trust account, but

15   that this declaration and supporting exhibits do not establish that the funds in the account are

16   trust funds.  (Doc. nos. 187 at 2, 191 at 3.)  In addition to the name of the account, which lists

17   Steve and Carol Wright as individual account holders and not in trust, plaintiff argues that the

18   bank statement and other documentation show that checks were paid for commissions owed

19   *before* the levy and also cleared beforehand, and therefore Mr. Wright has failed to show that the

20   remaining balance of $49,923.09 consists of commissions owed or trust funds deposited for that

21   purpose.  See e.g. doc. no. 186 at 5, 10, 12, 30 (indicating commissions earned, paid, and checks

22   cleared on December 17 and 20, 2012 for Trinity and Darby properties.)  Plaintiff is correct in

23   regard to most of the properties listed;[8] however, as noted, there is some documentation of

24

25          [8] Plaintiff fails to note the commission check issued for the Thorley Way property in the
     amount of $3802.50 issued with check number 1112, for which documentation has been
26   provided.  (Id. at 5, 27, 30, 31.)

                                                   6

1   commissions earned for three properties, Overlook, Boulder Creek, and 56th Avenue, which

2   plaintiff has not connected to checks paid out from this account, or to funds held in this account

3   to be paid in future.[9]  All of this documentation, however, proves only that the Wrights did pay

4   some commissions out of this account, but it does not account for any of the $49,923.09 in funds

5   remaining in the account.  It is still not clear whether the Wrights used this bank account for

6   other purposes or whether non-trust funds were commingled in this account, especially in light of

7   the fact that Carol Wright is listed on this account, but is not a broker entitled to hold these funds

8   in trust.[10]

9         Furthermore, plaintiff has submitted a copy of a publication by the California

10  Department of Real Estate, entitled "Trust Funds, A Guide for Real Estate Brokers and

11  Salespersons," which outlines the various requirements, including *inter alia* that the account be

12  "designated as a trust account in the name of the broker as trustee...."  (Doc. no. 190 at 9.)  This

13  requirement was not met in regard to the Community Bank account.

14        Although defendants have provided supplementary information to account for

15  sources of the money and potential payees for most of the checks, defendants have not submitted

16

17        [9]  Based on Mr. Wright's submitted documentation, these properties closed on December
    27, 2012, December 28, 2012, and January 7, 2013 respectively; thus, commissions should have
18  been paid shortly after that time.  See Doc. no. 186 at 8, 28, and 24.  Mr. Wright's argument that
    the district court only required bank records for thirty days prior to the levy date, which plaintiff
19  correctly disputes, see doc. no. 168 at 14-15, does not support his failure to properly document
    these transactions which *did* take place within thirty days prior to the January 9, 2013 levy date.

20        [10]  In conjunction with the motion concerning American River Bank before the district
    court, plaintiff had brought the court's attention to a Stipulation and Agreement signed by All
21  Professional and Steven Wright before the California Department of Real Estate admitting to
    violations of provisions of the California Business and Professions Code pertaining to, among
22  other things, commingling of funds.  (See Req. for Judicial Notice Ex. B, doc. no. 160-2.)
          Plaintiff also has submitted evidence that Steven Wright has engaged in fraudulent
23  transfers of property to conceal assets from plaintiff.  In particular, plaintiff points to a grant deed
    transferring his interest in real property to his wife, Tami Wright, as a gift in exchange for $0.
24  (See doc. no. 152, Ex. A.)  As cited by plaintiff, Cal. Civ. Code § 3439.05 provides in part that
    "A transfer made ... by a debtor is fraudulent as to a creditor whose claim arose before the
25  transfer was made ... if the debtor made the transfer ... without receiving a reasonably equivalent
    value in exchange for the transfer ... and the debtor was insolvent at that time or the debtor
26  became insolvent as a result of the transfer ...".

1   any documentation to explain why any of the remaining $49,923.09 in the account constitutes

2   trust funds or is exempt from execution of judgment.  The evidence presented here in regard to

3   Community Bank is quite lacking in comparison to what was submitted in conjunction with the

4   claim of exemption filed in regard to American River Bank, wherein defendants had presented

5   deposit and transaction records indicating the bank account was a trust account and the source of

6   funds were trust fund sources.  See doc. nos. 155-2, 180.  That evidence satisfied the district

7   judge as to the nature of the funds in that account.  In contrast, defendants here have not

8   submitted satisfactory evidence establishing that the funds currently in the Community Bank

9   account are trust funds.

10          California Code of Regulations, Title 10, Chapter 6, sections 2831 and 2831.1 set

11   forth detailed requirements for the records a broker must maintain, including: "(1) Date trust

12   funds received. (2) From whom trust funds received.  (3) Amount received.  (4) With respect to

13   funds deposited in an account, date of said deposit.  (5) With respect to trust funds previously

14   deposited to an account, check number and date of related disbursement.  (6) With respect to

15   trust funds not deposited in an account, identity of other depository and date funds were

16   forwarded. (7) Daily balance of said account," and require that a broker keep separate records for

17   each beneficiary or transaction, "accounting for all funds which have been deposited to the

18   broker's trust bank account and interest, if any, earned on the funds on deposit."  Cal. Code.

19   Reg., Title 10, Ch. 6, § 2831(a), § 2831.1.

20          Defendants have not produced documentation reflecting that All Professional is in

21   compliance with these requirements.  There has been no evidence submitted by defendants as to

22   the dates the trust funds were placed into the account at issue, the source of the funds placed into

23   this account, or the identities of the beneficiaries for the funds that are currently in the account.

24   Plaintiff is rightly concerned that without this documentation All Professional has not provided

25   this court with evidence to show that all funds *currently* in the account are trust funds and that

26   All Professional or the Wrights would not otherwise deposit or withdraw funds from the account

without authorization.  Although the Wright declaration has shown that the account was used to pay commissions to agents over a one month period, the Wrights have not shown that this account was used *only* to pay such commissions over a longer time period, and the other indicia relating to this account tend to negate such a position.

Adding to the uncertainty of the purpose and use of this account is Steven Wright's statement in his most recently filed declaration: "[t]he Central Valley Community bank account was opened in 2012 after the original account, located at another bank, was levied.  As such, there would be an opening balance that would be very time consuming to determine which escrows the $s, since the original account had been in service for many years."  [Sic.]  (Doc. no. 189.)

Ultimately, because the account is not established in accordance with the statutory requirements for a broker's trust account, the court has little assurance that it really is such an account.  All Professional also has not submitted sufficient evidence for the court to determine whether the entirety of the funds currently in the account are held in trust or if assets of any of the defendants have been commingled therein.

By this time defendants have been made aware of the requirements to obtain an exemption based on their experience with litigating this issue before the district court in regard to a separate bank account.  Defendants have also had the opportunity to file documentation supporting their claim that the funds in the Community Bank account should be exempt from judgment, and did in fact file four declarations, some of which contained supporting documentation.  The court therefore finds no reason to permit further filings supporting defendants' claim of exemption or appointment of a receiver.  Accordingly, defendants' claim of exemption should be denied.

Service of Documents Filed in this Case

On April 11, 2013, defendants filed a document styled, "request for judicial notice regarding improper service of documents," which states that defendants were not properly served

with docket numbers 187 and 190.  (Doc. no. 192.)  On April 12, 2013, plaintiffs filed a proof of service, reflecting service of these documents and others on defendants which had not been previously served.  (Doc. no. 193.)  As sufficient time has passed since defendants were properly served with these filings, the court considers this matter moot.

CONCLUSION

For the reasons stated herein, IT IS HEREBY RECOMMENDED that: defendants' claim of exemption, filed January 15, 2013, (doc. no. 149), and referred to the undersigned by order of February 4, 2013, (doc. no. 171), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Century21-2751.exempt.wpd

10